**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE: THE BANK OF NEW YORK
MELLON ADR FX LITIGATION

16-CV-00212-JPO-JLC

DEFENDANT'S ANSWER TO THE
CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

Defendant The Bank of New York Mellon ("BNYM" or "Defendant") submits

the following Answer in response to the Consolidated Amended Class Action Complaint, ECF

No. 39 (the "Complaint").

I.      INTRODUCTION

1.      The allegations in Paragraph 1 state legal conclusions and set forth

Plaintiffs' characterization of their claims in this action, to which no response is required.  To the

extent that a response is required, BNYM denies the allegations in Paragraph 1.

2.      The allegations in Paragraph 2 state legal conclusions and set forth

Plaintiffs' characterization of their claims in this action, to which no response is required. To the

extent that a response is required, and to the extent that Paragraph 2 otherwise alleges facts,

BNYM  denies the allegations in Paragraph 2.

3.      BNYM denies the allegations in the first and second sentences of

Paragraph 3, except that BNYM admits that American Depositary Receipts ("ADRs") are

receipts evidencing ownership of U.S. securities, called American Depositary Shares, that

represent specified contractual rights related to foreign shares issued by a non-U.S. Corporation,

that ADRs may be purchased and sold in U.S. dollars, and that ADRs can alleviate some of the

difficulties associated with direct ownership of foreign shares.  The allegations in the third

sentence of Paragraph 3 state legal conclusions to which no response is required.  To the extent that a response is required, BNYM denies the allegations in the third sentence of Paragraph 3.

4.     BNYM denies the allegations in the first sentence of Paragraph 4, except that BNYM admits it is a depositary bank for certain ADR programs and that, as depositary, it is the legal owner of shares of the foreign issuer underlying the ADRs, which are typically held in custody at a bank in the foreign company's home jurisdiction (commonly referred to as the "custodian").  BNYM further admits that, as depositary, it issues separate U.S. securities called American Depositary Shares that represent specified contractual rights related to the underlying foreign shares.  The second sentence of Paragraph 4 states legal conclusions to which no response is required.  To the extent facts are alleged in the second sentence of Paragraph 4, BNYM admits that Plaintiffs attached several examples of ADR deposit agreements (the "Deposit Agreements") to the Complaint and BNYM respectfully refers the Court to the Deposit Agreements for their true and complete contents, and denies any allegations inconsistent therewith.  With respect to the third sentence of Paragraph 4, BNYM refers the Court to its website for its true and complete contents, and denies any allegations inconsistent therewith. BNYM otherwise denies the allegations in Paragraph 4.

5.     BNYM denies the allegations in Paragraph 5, except BNYM respectfully refers the Court to the Deposit Agreements for the identity of the parties thereto and their respective obligations.

6.     The allegations in Paragraph 6 state legal conclusions and set forth Plaintiffs' characterization of their claims in this action, to which no response is required.  To the extent a response is required, BNYM respectfully refers the Court to the Deposit Agreements for their true and complete contents, and denies any allegations inconsistent therewith.

2

7.      The allegations in Paragraph 7 state legal conclusions and set forth Plaintiffs' characterization of their claims in this action, to which no response is required.  To the extent a response is required, BNYM denies the allegations in Paragraph 7.

8.      With respect to the allegations in the first through third sentences of Paragraph 8, BNYM respectfully refers the Court to the January 17, 2012 Stipulation and the April 23, 2015 Stipulation entered into in *United States* v. *The Bank of New York Mellon Corp.*, No. 1:11-cv-06969 (S.D.N.Y.) ("January 17, 2012 Stipulation" and "April 23, 2015 Stipulation," respectively) for their true and complete contents, and denies any allegations inconsistent therewith.  With respect to the allegations in the fourth sentence of Paragraph 8, BNYM admits that on March 19, 2015, it announced that it had resolved substantially all of the foreign exchange related actions then pending against it, resulting in a total of $714 million in settlement payments.  BNYM denies the allegations in the last sentence of Paragraph 8.

9.      BNYM denies the allegations in the first and second sentences of Paragraph 9, except admits that it published a "Depositary Receipts Foreign Exchange Pricing Disclosure" on October 1, 2015 (attached as Exhibit 19 to the Complaint) (the "Pricing Disclosure") and respectfully refers the Court to the Pricing Disclosure for its true and complete contents.

10.      BNYM denies the allegations of Paragraph 10, except admits that it published the Pricing Disclosure on October 1, 2015 and respectfully refers the Court to the Pricing Disclosure for its true and complete contents.

11.      The allegations in Paragraph 11 state legal conclusions and set forth Plaintiffs' characterization of their claims in this action, to which no response is required.  To the extent a response is required, BNYM denies the allegations in Paragraph 11.

## II.   JURISDICTION AND VENUE

12.   Paragraph 12 sets forth a legal conclusion to which no response is required.  To the extent a response is required, BNYM denies the allegations in Paragraph 12, except it admits that this Court has subject matter jurisdiction of this action by virtue of 28 U.S.C. § 1332(d)(2).

13.   Paragraph 13 sets forth a legal conclusion to which no response is required.  To the extent a response is required, BNYM denies the allegations in Paragraph 13, except it admits venue is proper.

## III.   PARTIES

### A.   Plaintiffs

14.   BNYM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, except admits that it has at times served as the depositary bank for ADR programs of the listed issuers.

15.   BNYM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, except admits that it has at times served as the depositary bank for ADR programs of the listed issuers.

16.   BNYM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, except admits that it has at times served as the depositary bank for ADR programs of the listed issuers.

17.   BNYM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, except admits that it has at times served as the depositary bank for ADR programs of the listed issuers.

18.   BNYM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19.     BNYM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence in Paragraph 19.  The second sentence of Paragraph 19 sets forth a legal conclusion to which no response is required.  To the extent a response is required, BNYM denies the allegations in the second sentence of Paragraph 19.

**B.     Defendant**

20.     BNYM admits the allegations in the first through third sentences of Paragraph 20, except that BNYM's headquarters are now located at 225 Liberty Street, New York, NY 10286.  BNYM further admits that BNYM Mellon, National Association is not at issue in this case.  Defendant further admits that BNYM Corp.'s 10-K for the year ended December 2010 contains the language quoted in the fourth sentence of Paragraph 20.  Defendant refers the Court to the full document for its complete contents.  With respect to the fifth and sixth sentences of Paragraph 20, BNYM refers the Court to its website for its true and complete contents, and denies any allegations inconsistent therewith.

21.     BNYM admits that it is the successor entity of BNY.  BNYM states the remaining allegations in Paragraph 21 are legal conclusions to which no response is required.  To the extent that a response is required, BNYM denies the allegations in Paragraph 21.

**IV.     FACTUAL ALLEGATIONS**

22.     BNYM refers to its website for its true and complete contents, and denies any allegations in Paragraph 22 inconsistent therewith.

23.     BNYM admits that it has acted as a depositary for certain ADR programs, including some in which Plaintiffs allege to have participated, and further admits that it has issued ADRs to registered holders, the vast majority of which are issued to the U.S. Depository Trust Company ("DTC") and that DTC participants and/or other intermediaries in the chain of ownership may hold for their clients, which may include pension funds, institutional investors,

and other parties.  BNYM additionally admits that certain ADRs may be traded on U.S. stock exchanges and/or OTC markets.  BNYM denies the remaining allegations in Paragraph 23.

24.     BNYM admits that American Depositary Shares are bought and sold, including in USD, and that from time to time the foreign issuer may make cash distributions to owners of the underlying foreign shares, including by declaring and paying a dividend, and that such cash distributions may be, but are not necessarily, made in the foreign currency of the issuer's home jurisdiction.  BNYM further admits that when it, as depositary and owner of the underlying shares, receives the distribution in foreign currency, it or its custodian or another agent converts the foreign currency to USD and makes a cash distribution in USD to the Owners of the ADRs.  The terms on which the conversion is done and the distribution is made are governed by the deposit agreement.  BNYM admits that it may obtain the USD necessary to fulfill its contractual obligation to convert the foreign currency ("FX Conversion") either by exchanging the foreign currency for USD it holds in inventory or by purchasing USD in the interbank market.  BNYM denies the remaining allegations in Paragraph 24.

25.     BNYM admits that a form of the ADRs is annexed to the deposit agreements.  BNYM denies the remaining allegations in Paragraph 25, except BNYM respectfully refers the Court to the Deposit Agreements for their true and complete contents, including the identity of the parties thereto, their respective rights and obligations, and any attachments and terms.

26.     BNYM admits that it serves or has served as depositary for certain ADRs that traded in the U.S. during the Class Period, and that certain of those ADRs paid dividends. BNYM denies the remaining allegations in Paragraph 26.

27.     Paragraph 27 sets forth a legal conclusion to which no response is required.  To the extent a response is required, BNYM respectfully refers the Court to the Deposit Agreements for their true and complete contents, and denies any allegations in Paragraph 27 inconsistent therewith.

28.     Paragraph 28 sets forth legal conclusions to which no response is required. To the extent a response is required, BNYM respectfully refers the Court to the Deposit Agreements for their true and complete contents, and denies any allegations in Paragraph 28 inconsistent therewith.

29.     Paragraph 29 sets forth legal conclusions to which no response is required. To the extent a response is required, BNYM respectfully refers the Court to the Deposit Agreements for their true and complete contents, and denies any allegations in Paragraph 29 inconsistent therewith.

30.     Paragraph 30 sets forth legal conclusions to which no response is required. To the extent a response is required, BNYM respectfully refers the Court to the Deposit Agreements for their true and complete contents, and denies any allegations in Paragraph 30 inconsistent therewith.

31.     Paragraph 31 sets forth legal conclusions to which no response is required. To the extent a response is required, BNYM respectfully refers the Court to the Deposit Agreements for their true and complete contents, and denies any allegations in Paragraph 31 inconsistent therewith.

32.     BNYM denies the allegations of Paragraph 32.

33.     Paragraph 33 sets forth a legal conclusion to which no response is required. To the extent a response is required, BNYM respectfully refers the Court to the Deposit

Agreements for their true and complete contents, and denies any allegations inconsistent therewith.

34.     Paragraph 34 sets forth legal conclusions and Plaintiffs' characterization of their claims in this action, to which no response is required.  To the extent a response is required, BNYM respectfully refers the Court to the Deposit Agreements for their true and complete contents, and denies any allegations in Paragraph 34 inconsistent therewith.

35.     Paragraph 35 sets forth a legal conclusion and Plaintiffs' characterization of their claims in this action, to which no response is required.  To the extent any response is required, BNYM states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36.     Paragraph 36 sets forth legal conclusions and Plaintiffs' characterization of their claims in this action, to which no response is required.  To the extent that a response is required, and to the extent that Paragraph 36 otherwise alleges facts, BNYM denies the allegations of Paragraph 36.

37.     BNYM denies the allegations of Paragraph 37, except admits that it posted the Pricing Disclosure, as that term is defined in the Complaint, on its website and respectfully refers the Court to the document for its true and complete contents.  BNYM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 8 contained in Paragraph 37.

38.     Paragraph 38 sets forth legal conclusions and Plaintiffs' characterization of their claims in this action, to which no response is required.  To the extent a response is required, BNYM denies the allegations of Paragraph 38, respectfully refers the Court to the deposit agreements and Pricing Disclosure, and denies allegations inconsistent therewith.

39.     BNYM respectfully refers the Court to the January 17, 2012 Stipulation for its true and complete contents, and denies any allegations in Paragraph 39 inconsistent therewith.

40.     BNYM respectfully refers the Court to the April 23, 2015 Stipulation and Order of Settlement and Dismissal entered in the DOJ Action, as that term is defined in the Complaint, for its true and complete contents, and denies any allegations in Paragraph 40 inconsistent therewith.

41.     Paragraph 41 sets forth legal conclusions and Plaintiffs' characterization of their claims in this action, to which no response is required.  To the extent that a response is required, and to the extent that Paragraph 41 otherwise alleges facts, BNYM denies the allegations of Paragraph 41.

42.     BNYM denies the allegations of Paragraph 42.

43.     Paragraph 43 sets forth a legal conclusion and Plaintiffs' characterization of their claims in this action, to which no response is required.  To the extent that a response is required, and to the extent that Paragraph 43 otherwise alleges facts, BNYM denies the allegations of Paragraph 43.

44.     Paragraph 44 sets forth legal conclusions and Plaintiffs' characterization of their claims in this action, to which no response is required.  To the extent that a response is required, and to the extent that Paragraph 44 otherwise alleges facts, BNYM denies the allegations of Paragraph 44.

## V.    CLASS ACTION ALLEGATIONS

45.     BNYM denies the allegations in Paragraph 45, except it admits that Plaintiffs purport to bring this action under Rule 23(a), (b)(2), and/or (b)(3).

46.     BNYM denies the allegations in Paragraph 46, except it admits that Plaintiffs purport to bring this action as a class action.

47.     BNYM admits that Plaintiffs purport to have defined a putative class that excludes the entities set forth in Paragraph 47.

48.     The first sentence of Paragraph 48 sets forth a legal conclusion to which no response is required.  To the extent a response is required, BNYM denies the allegations in the first sentence of Paragraph 48.  BNYM denies knowledge or information sufficient to form a belief as to the truth of the second sentence of Paragraph 48.

49.     Paragraph 49 sets forth a legal conclusion and Plaintiffs' characterization of their claims in this action, to which no response is required.  To the extent a response is required, BNYM denies the allegations in Paragraph 49.

50.     Paragraph 50 sets forth legal conclusions and Plaintiffs' characterization of their claims in this action, to which no response is required.  To the extent a response is required, BNYM denies the allegations in Paragraph 50.

51.     Paragraph 51 sets forth legal conclusions and Plaintiffs' characterization of their claims in this action, to which no response is required.  To the extent a response is required, BNYM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51.

52.     BNYM denies the allegations set forth in Paragraph 52, except it states that it lacks knowledge or information sufficient to form a belief as to the Plaintiffs' willingness to serve the proposed Class in a representative capacity.

53.     BNYM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53.

54.     Paragraph 54 sets forth legal conclusions to which no response is required. To the extent a response is required, BNYM denies the allegations in Paragraph 54.

55.     Paragraph 55 sets forth legal conclusions to which no response is required. To the extent a response is required, BNYM denies the allegations in Paragraph 55.

56.     BNYM denies the allegations in Paragraph 56, except it lacks knowledge or information sufficient to form a belief concerning Plaintiffs' purported knowledge.

57.     Paragraph 57 sets forth legal conclusions to which no response is required. To the extent a response is required, BNYM denies the allegations in Paragraph 57.

## VI.    TIMELINESS OF PLAINTIFFS' AND OTHER CLASS MEMBERS' CLAIMS

58.     Paragraph 58 sets forth legal conclusions to which no response is required. To the extent a response is required, BNYM denies the allegations in Paragraph 58.

59.     With respect to the first sentence of Paragraph 59, BNYM respectfully refers the Court to any ADR Notices, as that term is defined in the Complaint, for their true and complete contents, and denies any allegations inconsistent therewith.  The second sentence of Paragraph 59 sets forth legal conclusions to which no response is required.  To the extent a response is required, BNYM denies the allegations in the second sentence of Paragraph 59.

60.     BNYM denies the allegations in Paragraph 60.

61.     Paragraph 61 sets forth legal conclusions and Plaintiffs' characterization of their claims in this action to which no response is required.  To the extent a response is required, BNYM denies the allegations in Paragraph 61.

62.     BNYM denies the allegations in Paragraph 62, except it states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs' awareness.

63.     BNYM respectfully refers the Court to the April 23, 2015 Stipulation for its true and complete contents, and denies any allegations inconsistent therewith.

64.     BNYM denies the allegations in Paragraph 64, and respectfully refers the Court to the document quoted for its true and complete contents.

65.     BNYM denies the allegations in Paragraph 65.

## VII.    CLAIMS FOR RELIEF

### COUNT I
### Breach of Contract

66.     BNYM repeats and incorporates each of its responses to each paragraph above as though fully set forth herein.

67.     BNYM denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 67.  BNYM admits the allegations in the second sentence of Paragraph 67.

68.     Paragraph 68 sets forth legal conclusions to which no response is required. To the extent a response is required, BNYM denies the allegations in Paragraph 68.

69.     Paragraph 69 sets forth legal conclusions to which no response is required. To the extent a response is required, BNYM respectfully refers the Court to the Deposit Agreements for their true and complete contents, and denies any allegations inconsistent therewith.

70.     Paragraph 70 sets forth legal conclusions to which no response is required. To the extent a response is required, BNYM refers to the Deposit Agreements for their true and complete contents, and denies any allegations inconsistent therewith.

71.     BNYM denies the allegations in Paragraph 71.  BNYM further states that Paragraph 71 sets forth legal conclusions and Plaintiffs' characterization of their claims in this

action, to which no response is required.  To the extent a response is required, BNYM denies the allegations in Paragraph 71.

71.     Paragraph 72 sets forth legal conclusions and Plaintiffs' characterization of their claims in this action, to which no response is required.  To the extent a response is required, BNYM denies the allegations in Paragraph 72.

73.     Paragraph 73 sets forth a legal conclusion to which no response is required.  To the extent a response is required, BNYM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73.

74.     Paragraph 74 sets forth legal conclusions and Plaintiffs' characterization of their claims in this action, to which no response is required.  To the extent a response is required, BNYM denies the allegations in Paragraph 74.

**COUNT II**
**Breach of Implied Covenant of Good Faith and Fair Dealing**

No response is required for Paragraphs 75 to 80 pleaded in connection with Count II, which has been dismissed with prejudice.  To the extent a response is required, BNYM denies the allegations in Paragraphs 75 to 80.

**COUNT III**
**Conversion**

No response is required for Paragraphs 81 to 87 pleaded in connection with Count III, which has been dismissed with prejudice.  To the extent a response is required, BNYM denies the allegations in Paragraphs 81 to 87.

**VIII.   PRAYER FOR RELIEF**

BNYM denies that Plaintiffs are entitled to any of the relief requested in their Prayer for Relief.

## IX.    JURY TRIAL DEMAND

Plaintiffs are not entitled to a jury trial to the extent that any applicable Deposit Agreements waive the right to a trial by jury.

### Affirmative Defenses

Defendant asserts the following affirmative and additional defenses, without the burden of proof for any issues to which applicable law places the burden on plaintiffs. Moreover, nothing stated herein is intended to be construed as an acknowledgement that any particular issue or subject matter is relevant to plaintiffs' allegations. Furthermore, all defenses are pleaded in the alternative, and none constitutes an admission of liability or that plaintiff is entitled to relief on its claim. Defendant reserves the right to raise additional defenses, counterclaims, cross-claims, and third-party claims not asserted herein of which it may become aware through discovery or other investigation, or as otherwise may be appropriate.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs lack standing under the Deposit Agreements to bring this action.

### Third Affirmative Defense

Plaintiffs lack standing to bring suit on behalf of any and all persons or entities who, from January 1, 1997 through the present or any portion thereof, are or were holders of ADRs for which BNYM served as the depositary bank and converted dividends or other cash distributions into USD.

### Fourth Affirmative Defense

Plaintiffs lack standing to bring suit on behalf of putative class members who are or were holders of ADRs representing unsponsored American Depositary Shares.

14

**Fifth Affirmative Defense**

Plaintiffs lack standing to bring suit on behalf of putative class members who are or were holders of ADRs that Plaintiffs did not hold.

**Sixth Affirmative Defense**

Plaintiffs lack standing to bring suit on behalf of putative class members who are or were holders of ADRs governed by Deposit Agreements that did not govern ADRs held by Plaintiffs.

**Seventh Affirmative Defense**

Plaintiffs lack standing to bring suit on behalf of putative class members for times during the putative class period when Plaintiffs did not hold ADRs.

**Eighth Affirmative Defense**

Plaintiffs' claims are barred by the terms of the Deposit Agreements.

**Ninth Affirmative Defense**

Plaintiffs' claims are barred because Plaintiffs have identified no provision of the Deposit Agreement that was breached.

**Tenth Affirmative Defense**

Plaintiffs' claims are barred because the rates at which BNYM converted foreign currency under the Deposit Agreements were reasonable, within the range of interbank market rates for the applicable session, and consistent with market practice.

**Eleventh Affirmative Defense**

Plaintiffs are unable to recover under a theory of *quantum meruit* or any like theory because the rates at which foreign currencies were converted were reasonable, within the range of interbank market rates for the applicable session, and consistent with market practice.

**Twelfth Affirmative Defense**

Plaintiffs' claims for damages fail because the rates at which foreign currencies were converted were reasonable, within the range of interbank market rates for the applicable session, and consistent with market practice.

**Thirteenth Affirmative Defense**

Plaintiffs' claims for damages fail because the rates at which foreign currencies were converted were more favorable than Plaintiffs could have received as holders of ordinary shares seeking to convert dividends paid in a foreign currency.

**Fourteenth Affirmative Defense**

Plaintiffs' claims for damages fail because damages are nonexistent, speculative, remote, not of the nature or to the extent alleged, were not the foreseeable result of Defendant's alleged conduct, and/or are impossible to prove.

**Fifteenth Affirmative Defense**

Plaintiffs have not suffered an injury cognizable under the common law principles on which they purport to base their claims.

**Sixteenth Affirmative Defense**

Defendant is not liable for any claims in connection with any cash distributions converted on or after BNYM's Pricing Disclosure on October 1, 2015.

**Seventeenth Affirmative Defense**

Plaintiffs' claims are barred in whole or in part by doctrines of waiver, estoppel, and release.

**Eighteenth Affirmative Defense**

Plaintiffs' claims are barred in whole or in part by doctrine of laches.

**Nineteenth Affirmative Defense**

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

**Twentieth Affirmative Defense**

BNYM did not commit any act for which liability to Plaintiffs would arise.

**Twenty-First Affirmative Defense**

BNYM complied with all applicable laws, rules, regulations, codes, market practices, and standards.

**Twenty-Second Affirmative Defense**

This action cannot proceed as a class action because the requirements of commonality, typicality, adequacy, predominance, superiority, and manageability are not met.

**Twenty-Third Affirmative Defense**

The claims of Plaintiffs are barred to the extent they have agreed to arbitrate disputes with BNYM.

**Twenty-Fourth Affirmative Defense**

Plaintiffs have waived the right to a jury trial as to some or all of their claims

## Reservation of Rights

Defendant expressly reserves the right to amend and/or supplement this Answer and the Affirmative Defenses.  Defendant reserves the right to raise any additional defenses not asserted herein that may be revealed during the course of discovery or other investigation, or that otherwise are found applicable to it.

Dated: New York, New York
        November 23, 2016

PAUL, WEISS, RIFKIND, WHARTON &
  GARRISON LLP

By:/s/ Elizabeth M. Sacksteder
    Elizabeth M. Sacksteder
    James L. Brochin

1285 Avenue of the Americas
New York, New York 10019-6064
Tel: (212) 373-3000
Fax: (212) 757-3990
esacksteder@paulweiss.com
jbrochin@paulweiss.com

*Attorneys for Defendant The Bank of New York Mellon*