UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: THE BANK OF NEW YORK MELLON ADR FX LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | 16-CV-00212-JPO-JLC<br><br>ECF Case |

## ORDER AND FINAL JUDGMENT

WHEREAS, a putative class action is pending in this Court captioned *In re: The Bank of New York Mellon ADR FX Litigation*, 16-CV-00212-JPO-JLC (S.D.N.Y.) (the "Action");

WHEREAS, (i) David Feige, International Union of Operating Engineers Local 138 Annuity Fund, and Annie L. Normand (collectively, "Named Plaintiffs") and Diana Carofano and Chester County Employees Retirement Fund ("Intervenor Plaintiffs" and, together with Named Plaintiffs, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined below), and (ii) The Bank of New York Mellon ("Defendant" or "BNYM") have determined to settle the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated January 15, 2019 (the "Stipulation" or the "Settlement"), subject to the approval of this Court;

WHEREAS, unless otherwise defined in this Order and Final Judgment, the capitalized terms used herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated January 17, 2019 (the "Notice Order"), this Court: (a) found that the Parties demonstrated that the Court would likely be able to approve the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate to the Settlement Class under Rule 23(e)(2) of the Federal Rules of Civil Procedure; (b) preliminarily found the prerequisites for

class action certification under Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure with respect to the Settlement Class likely to be found to be satisfied solely for the purpose of effectuating the Settlement; (c) directed that notice of the proposed Settlement be provided to Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, there have been no objections to the Settlement;

WHEREAS, the Court conducted a hearing on June 17, 2019 (the "Final Approval Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; (b) whether the prerequisites for class certification under Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure with respect to the Settlement Class are satisfied solely for the purpose of effectuating the Settlement; and (c) whether a judgment should be entered dismissing the Action with prejudice as against Defendant; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **<u>Jurisdiction</u>** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Order and Final Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on January 15, 2019; and (b) the Notice, Post-Card Notice, Publication Notice, and Banner Ads, all of which were filed with the Court on April 29, 2019.

3. **Certification of the Settlement Class for Purposes of Settlement** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court certifies, solely for purposes of effectuating the Settlement, this Action as a class action on behalf of a Settlement Class defined as all entities and individuals who at any time during the period January 1, 1997 through January 17, 2019 held (directly or indirectly, registered or beneficially), or otherwise claim any entitlement to any payment (whether a dividend, rights offering, interest on capital, sale of shares, or other distribution) in connection with, any American Depositary Share (sometimes known as an American Depositary Receipt) ("ADR") for which BNYM acted as the depositary sponsored by an issuer that is identified in the Appendix attached to the Stipulation.  For avoidance of doubt, Settlement Class Members include all entities, organizations, and associations regardless of form, including investment funds and pension funds of any kind.  BNYM and its officers, directors, legal representatives, heirs, successors, corporate parents, subsidiaries, and/or assigns, other than Investment Vehicles (which are not excluded), are excluded from the Settlement Class only to the extent that such persons or entities had a proprietary (i.e., for their own account) interest in any such ADR and not to the extent that they hold or held such ADR in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the definition of the Settlement Class.  Also excluded from the Settlement Class are any persons and entities who or which excluded themselves from the Settlement Class

by submitting a request for exclusion that was accepted by the Court, as listed on the attached Exhibit 1.

4.  Lead Plaintiffs are hereby appointed, for purposes of effectuating the Settlement only, as representatives for the Settlement Class for purposes of Rule 23 of the Federal Rules of Civil Procedure.  Kessler Topaz Meltzer & Check LLP and Lieff Cabraser Heimann & Bernstein, LLP, which were appointed by the Court to serve as Interim Co-Lead Counsel, are hereby appointed, for settlement purposes only, as counsel for the Settlement Class pursuant to Rules 23(c)(1)(B) and (g) of the Federal Rules of Civil Procedure.

5.  **Notice** – The Court finds that the dissemination of the Notice, Post-Card Notice, Publication Notice and Banner Ads:  (a) was implemented in accordance with the Notice Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) their right to exclude themselves from the Settlement Class; (iii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iv) Lead Plaintiffs' Counsel's motion for an award an attorneys' fees and reimbursement of Litigation Expenses (including Service Awards to Lead Plaintiffs); (v) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; and (vi) their right to appear at the Final Approval Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process Clause), and all other applicable laws and rules.

6. **CAFA** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

7. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendant in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. Specifically, the Court finds that, pursuant to Rule 23(e)(2), (A) Lead Plaintiffs and Lead Plaintiffs' Counsel have adequately represented the Settlement Class; (B) the Settlement was negotiated at arm's length; (C) the relief provided for the Settlement Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of the proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the Settlement treats Settlement Class Members equitably relative to each other. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8. The Action is hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9. **Binding Effect** – The terms of the Stipulation and of this Order and Final Judgment shall be forever binding on Defendant, Lead Plaintiffs, and all Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form, seeks or obtains a distribution from the Net Settlement Fund, or objected to the Settlement), as

well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Order and Final Judgment.

10. **Releases** – The Releases set forth in ¶¶ 6 and 7 of the Stipulation, together with the definitions contained in ¶ 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Pursuant to this Order and Final Judgment, without further action by anyone, and subject to ¶ 11 below, upon the Effective Date of the Settlement, Lead Plaintiffs and each and every member of the Settlement Class, on behalf of themselves and each of their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Order and Final Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Claim against any of the Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Releasees.

(b) Pursuant to this Order and Final Judgment, without further action by anyone, and subject to ¶ 11 below, upon the Effective Date of the Settlement, Defendant shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendant Claim against the Releasors, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendant Claims against any of the Releasors.

11. Notwithstanding ¶ 10(a) – (b) above, nothing in this Order and Final Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Order and Final Judgment.

12. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

13. **No Admissions** – Except as set forth in the Stipulation and in ¶ 14 below, neither this Order and Final Judgment nor the Stipulation (whether or not consummated), nor any negotiations, proceedings, or agreements relating to the Stipulation or the Settlement, nor any matters arising in connection with the settlement negotiations, proceedings, or agreements, shall be offered or received against any or all of the Released Parties for any purpose, and in particular:

(a) do not constitute, and shall not be offered or received against Defendant or the other Releasees as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by Defendant or the Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or any other Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation or other proceeding, including but not limited to the Released Claims, or of any liability, damages, negligence, fault, or wrongdoing of Defendant or the Releasees;

(b) do not constitute, and shall not be offered or received against Defendant or the other Releasees as evidence of, a presumption, concession, or admission of any fault, misstatement, or omission with respect to any statement or written document approved or made by Defendant or the Releasees, or against Defendant, the Releasees, Lead Plaintiffs, or any other

member of the Settlement Class as evidence of any infirmity in the claims or defenses that have been or could have been asserted in the Action;

   (c) do not constitute, and shall not be offered or received against Defendant or the other Releasees as evidence of, a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against Defendant or the Releasees, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

   (d) do not constitute, and shall not be construed against Defendant or the other Releasees as an admission or concession that, the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

   (e) do not constitute, and shall not be construed as or received in evidence as, an admission, concession, or presumption against Lead Plaintiffs or any other Settlement Class Member that any of their claims are without merit or infirm, that a class should not be certified, or that damages recoverable under the complaints filed in the Action would not have exceeded the Settlement Amount.

   14. The Released Parties may file or refer to the Stipulation, this Order and Final Judgment, and/or any Claim of a Settlement Class Member to effectuate the liability protection granted thereunder, including, without limitation, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Released Parties may file the Stipulation and/or this Order and Final Judgment in any action that may be brought to enforce the terms of the Stipulation and/or this Order and Final Judgment;

however, in no event shall any Party use in the litigation of this Action, for any purposes other than the implementation of the Settlement, information disclosed by any Party during and for the purpose of the negotiation and implementation of the Settlement.  All Released Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

15. **Retention of Jurisdiction** – Without affecting the finality of this Order and Final Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Plaintiffs' Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve distribution of the Net Settlement Fund to Authorized Recipients; and (f) the Settlement Class Members for all matters relating to the Action.

16. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, including Service Awards to Lead Plaintiffs.  Such orders shall in no way affect or delay the finality of this Order and Final Judgment and shall not affect or delay the Effective Date of the Settlement.

17. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and Defendant are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Order and Final Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.

Without further order of the Court, Lead Plaintiffs and Defendant may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

18.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Order and Final Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order and Final Judgment shall be without prejudice to the rights of Lead Plaintiffs, Settlement Class Members and Defendant, and the Parties shall be deemed to have reverted *nunc pro tunc* to their respective litigation positions in the Action immediately prior to the execution of the Term Sheet on October 16, 2018, as provided in the Stipulation.  Except as otherwise provided in the Stipulation, in the event the Settlement is terminated in its entirety or if the Effective Date fails to occur for any reason, the balance of the Settlement Fund including interest accrued therein, less any Notice and Administration Costs paid, incurred or owing and less any Taxes and Tax Expenses paid, incurred or owing, shall be refunded to BNYM (or such other persons or entities as BNYM may direct) in accordance with the Stipulation.

19.     **Entry of Final Judgment** – There is no just reason to delay the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this 17th day of June, 2019.

_____
J. PAUL OETKEN
United States District Judge

**Exhibit 1**

**List of Persons and Entities Excluded from
the Settlement Class Pursuant to Request**

1. Douglas Aaronson
   New York, NY

2. Edward W. Bachman
   Stratford, CT

3. Louella F. Benson
   Alexandria, VA

4. Clarice D. Black
   New Orleans, LA

5. Mary Ann Black
   New Orleans, LA

6. Michael J. & Hope Bolton
   Michael Bolton + Hope Bolton TR
   UA 21-SEP-94
   Battle Creek, MI

7. Sally Carr
   Belfast, ME

8. Melody Casteel
   Greenbrier, TN

9. Bonna Chang
   Tustin, CA

10. Herbert Dauber TR UA 6/6/85
    Dauber Trust
    Kailua, HI

11. Joyce C. Dauber TR UA 6/6/85
    Joyce C. Dauber Trust
    Kailua, HI

12. James A. Davenport
    Midlothian, VA

13. Estate of Elizabeth M. Derco
    New Brunswick, NJ

14. Maria A. Diaz
    Whitehouse Station, NJ

15. John Erickson
    Glen Head, NY

16. Marilyn M. Francis
    Treadwell, NY

17. Peter O. Geiger
    Geneva, Switzerland

18. Bruce J. & Joyce F. Genrich
    Marinette, WI

19. Celestine A. Greenidge
    Jamaica, NY

20. Marilyn E. Hayes
    Hayes Trust 11/10/89
    Burbank, CA

21. Martha Henderek
    Edmonton, AB
    Canada

22. Patricia Jean Huff
    Simi Valley, CA

23. Darlene A. Hunt-Bauer
    La Conner, WA

24. Paul A. & Jane A. Jesus
    Paul A. Jesus Jane A. Jesus Tr Ua
    09/26/02
    Paul A. Jesus & Jane A. Jesus 2002
    Revocable Trust
    Hayward, CA

25. Donald Johnson
    Abingdon, MD

26. Phyllis & Wallace Kilgore
    The Wallace Dale Kilgore and
    Phyllis Jean Kilgore Revocable Trust
    dated November 11, 2006
    Millbrae, CA

27. Alice M. Korfman
    N Vancouver, BC
    Canada

28. Arnold L. Lehmann
    Spokane, WA

29. Roy Lemieux
    Newmarket, NH

30. Estate of Donald F. Littlefield
    Fort Collins, CO

31. Maureen McCafferty
    Trenton, NJ

32. Bettie B. Miller, Trust UA
    Bettie B. Miller, TR 12-22-94
    Redding, CA

33. David J. & Treva J. Mogish
    Jacksonville, AR

34. David Paputsa
    Morris, IL

35. Peter H. Pilshaw Revocable Trust
    11/29/2005
    Weatherly, PA

36. Peter H. Pilshaw
    Weatherly, PA

37. Katherine M. Powell
    Devon, PA

38. Annette J. Priest
    Colorado Springs, CO

39. Cheryl A Quinn
    Evelyn May Quinn Revocable
    Living Trust dated October 15, 2015
    Las Vegas, NV

40. James P. Rhodes
    Lincoln, CA

41. Frank Rincoe Jr. & Barbara Joyce
    Rincoe
    Charleston, SC

42. Virginia A. Salmon
    Bloomfield, NJ

43. Constance M. Smith, Trustee
    The Meta M. Smith Revocable Trust
    Wilmington, DE

44. Frank J. Sticha
    Maywood, IL

45. Janet E. Popp Stout
    Angola, NY

46. Sandra J. Stude Syverson
    Olathe, KS

47. Joan M. Taylor
    Honey Brook, PA

48. David Huguley Tucker
    Lafayette, AL

49. Nancy H. & John J.
    Tulko Parlin, NJ

50. Estate of Helen Vesper
    Bellerose, NY

51. John Charles Watson
    Parkersburg, WV

52. Ingrid & Alexander Weber
    Essen, Germany

53. Wolff R. Zimmermann
    Schortens, Germany

54. The Elmer Schult & Hildegard
    Schult Family Trust
    Barnhart, MO