UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: THE BANK OF NEW YORK MELLON ADR FX LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | 16-CV-00212-JPO-JLC<br><br>ECF Case |

## ORDER APPROVING DISTRIBUTION PLAN

WHEREAS, by its Order and Final Judgment dated June 17, 2019 (ECF No. 162) and its Order Approving Plan of Allocation of Net Settlement Fund dated June 17, 2019 (ECF No. 160), this Court approved the terms of the settlement set forth in the Stipulation and Agreement of Settlement dated January 15, 2019 (ECF No. 147-2) ("Settlement" or "Stipulation") and the proposed plan for allocating the net settlement proceeds to Authorized Recipients ("Plan of Allocation");

WHEREAS, this Court had directed the parties to consummate the terms of the Settlement and Plan of Allocation;

WHEREAS, the Settlement provided for consideration of $72,500,000 in cash ("Settlement Amount") and, pursuant to the terms of the Stipulation, the Settlement Amount was deposited into an escrow account established by Lead Plaintiffs' Counsel for the benefit of the Settlement Class;

WHEREAS, as set forth in the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Final Approval Hearing; and (III) Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 155-1, Ex. B) ("Notice"), the deadline for Non-Registered Holder Settlement Class Members to submit Claims to the Court-approved claims administrator for the

Settlement, Kurtzman Carson Consultants, LLC ("KCC"), in order to be potentially eligible to participate in the distribution of the Net Settlement Fund has passed;

WHEREAS, in satisfaction of due process requirements, all Non-Registered Holder Settlement Class Members who submitted Claims that were in any way ineligible or deficient were: (i) informed that their Claims were ineligible or deficient; and (ii) given opportunities to correct any curable deficiencies prior to their Claims being finally rejected, or to contest the determination as to such deficiencies, by requesting judicial review;

WHEREAS, all Registered Holder Settlement Class Members were provided access to their distribution information provided by BNYM's transfer agent, using the Claim Number and PIN set forth on the Post-Card Notice they received and were provided with instructions on how to amend or supplement their Claim if they believed the information provided by BNYM's transfer agent was incorrect or incomplete;

WHEREAS, the process of reviewing Claims has been completed;

WHEREAS, Lead Plaintiffs, through Lead Plaintiffs' Counsel, now seek authorization to distribute the proceeds of the Settlement Fund to Authorized Recipients, after deduction of any taxes, fees, and expenses previously approved by the Court or approved by this Order ("Net Settlement Fund"); and

WHEREAS, this Court retained continuing and exclusive jurisdiction of this Action in connection with, among other things: (i) the disposition of the Settlement Fund; and (ii) any motion to approve distribution of the Net Settlement Fund to Authorized Recipients.

NOW, THEREFORE, upon careful consideration of: (i) the Declaration of Justin R. Hughes in Support of Lead Plaintiffs' Motion for Approval of Distribution Plan ("Hughes Declaration"); (ii) the Memorandum of Law in Support of Lead Plaintiffs' Unopposed Motion for

Approval of Distribution Plan; and (iii) the other submissions and papers on file with the Court; and upon all prior proceedings heretofore and herein, and after due deliberation, it is hereby

ORDERED, that all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation and the Hughes Declaration; and it is further

ORDERED, that the administrative determinations of KCC accepting the Claims described in the Hughes Declaration and listed on Exhibits B-1 and B-2 thereto, calculated pursuant to the Court-approved Plan of Allocation set forth in the Notice, are hereby approved, and said Claims are hereby accepted; and it is further

ORDERED, that the administrative determinations of KCC rejecting the Claims described in the Hughes Declaration and listed on Exhibit B-3 thereto are hereby approved, and said Claims are hereby rejected; and it is further

ORDERED, that KCC be paid the sum of $737,521.64 from the Net Settlement Fund as payment for its outstanding fees and expenses incurred in connection with the administration of the Settlement and for the fees and expenses expected to be incurred by KCC in connection with the Initial Distribution of the Net Settlement Fund to Authorized Recipients; and it is further

ORDERED, that KCC conduct the Initial Distribution of the Net Settlement Fund as set forth in paragraph 52 of the Hughes Declaration. Specifically, the Net Settlement Fund shall be distributed to the Authorized Recipients listed on Exhibits B-1 and B-2 to the Hughes Declaration pursuant to the Court-approved Plan of Allocation in proportion to each Authorized Recipient's Recognized Claim as compared to the total Recognized Claims of all Authorized Recipients as shown on such Exhibits; and it is further

ORDERED, that all checks to Authorized Recipients issued in the Initial Distribution shall bear the notation "CASH PROMPTLY. VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT

3

CASHED 90 DAYS AFTER ISSUE DATE." Lead Plaintiffs' Counsel and KCC are authorized to take appropriate actions to locate and/or contact any Authorized Recipient who has not cashed his, her or its check within said time; and it is further

ORDERED, that Authorized Recipients who do not cash their checks within the time allotted will irrevocably forfeit all recovery from the Net Settlement Fund; and it is further

ORDERED, that, after making reasonable and diligent efforts to have Authorized Recipients negotiate their Initial Distribution checks, KCC will, if cost-effective to do so, redistribute any funds remaining in the Net Settlement Fund by reason of uncashed checks or otherwise nine (9) months after the Initial Distribution, or as reasonably soon thereafter, to Authorized Recipients who have cashed their Initial Distribution checks and who would receive at least $1.00 from such re-distribution, after payment of any Distribution Amounts mistakenly omitted from the Initial Distribution and any additional administration fees and expenses incurred in administering the Settlement, including for such redistribution; and it is further

ORDERED, that KCC may make additional redistributions of balances remaining in the Net Settlement Fund to Authorized Recipients who have cashed their prior checks and who would receive at least $1.00 on such additional redistributions if Lead Plaintiffs' Counsel, in consultation with KCC, determine that additional redistributions, after payment of any additional administration fees and expenses incurred in administering the Settlement, including for such redistributions, would be cost-effective; and it is further

ORDERED, that, at such time as Lead Plaintiffs' Counsel, in consultation with KCC, determine that further redistribution of the funds remaining in the Net Settlement Fund is not cost-effective, any otherwise valid Claims received after November 24, 2020 or Claims adjusted after

the finalization of the Hughes Declaration may be paid in accordance with paragraph 52(d) of the Hughes Declaration; and it is further

ORDERED, that if any balance remains in the Net Settlement Fund after further redistributions or payment of any otherwise valid Claims received after November 24, 2020, or Claims adjusted after the finalization of the Hughes Declaration, in accordance with paragraph 52(d) of the Hughes Declaration, which is not cost-effective to reallocate, Lead Plaintiffs' Counsel will seek an order from the Court (i) approving the recommendations that any further re-distribution is not cost-effective or efficient; and (ii) ordering the contribution of the funds remaining in the Net Settlement Fund to a nonsectarian charitable organization; and it is further

ORDERED, that the Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons and entities involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted in connection with the Settlement of this Action, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and, pursuant to the release terms of the Settlement, all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund or the parties released pursuant to the Settlement beyond the amount allocated to them pursuant to this Order; and it is further

ORDERED, that KCC is hereby authorized to dispose of paper copies of Claims and all supporting documentation one (1) year from the final distribution date of the Net Settlement Fund

and electronic copies of the same three (3) years after the final distribution date of the Net Settlement Fund; and it is further

ORDERED, that this Court retain jurisdiction over any further application or matter which may arise in connection with this Action.

SO ORDERED this __1st__ day of __July__, 2021.

_____
J. PAUL OETKEN
United States District Judge